*Ex parte* SOUTH CAROLINA DIVISION OF GENERAL SERVICES, Petitioner. In re ACTA-FAX BUSINESS MACHINES, Appellant-Petitioner, v. SOUTH CAROLINA PROCUREMENT REVIEW PANEL and Royal Business Machines, Inc., Respondents. And MONROE SYSTEMS FOR BUSINESS, Appellant-Petitioner, v. SOUTH CAROLINA PROCUREMENT REVIEW PANEL and Royal Business Machines, Inc., Respondents.

(325 S. E. (2d) 319)

Supreme Court

*David C. Eckstrom, Edwin E. Evans, Malcolm E. Rentz,* Columbia, *for S. C. Division of General Services.*

*John C. Bruton, Jr.* and *Robert Y. Knowlton* of *Boyd, Knowlton, Tate & Finlay, P.A.,* Columbia, *for Monroe Systems for Business.*

*David M. Ratchford* and *Tony R. Megna* of *Ratchford & Cooper,* Columbia, *for Acta-Fax Business Machines.*

*Helen T. McFadden, Sheila McMillan* and *Robert E. Merritt,* Columbia, of *Senate Research, for the South Carolina Procurement Review Panel.*

*William C. Hubbard, Dwight F. Drake* and *Barbara McArthur* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for Royal Business Machines, Inc.*

Dec. 17, 1984.

## ORDER

All parties in this matter have petitioned the Court to determine the scope of authority of the South Carolina Procurement Review Panel.

The Procurement Review Panel was created by the legislature to serve as an advisory body to the Budget and Control Board in protests arising under S. C. Code Ann. §§ 11-35-4210, 11-35-4220, and 11-35-4230 (Supp. 1983). It has no authority to make or rescind contracts, or to order the Division of General Services to do so. In protests arising under § 11-35-4210, the Panel is empowered only to determine whether an unsuccessful bidder should have been awarded a contract, and to make recommendations to the Budget and Control Board for relief to the aggrieved bidder. § 11-35-4210(7); § 11-35-4410(5) (Supp. 1983). Additionally, § 11-35-4210(6) provides that "the request for a review shall not stay the contract unless fraudulent."

IT IS THEREFORE ORDERED that the portion of the Procurement Review Board's order of determination dated October 25, 1984, which purported to rescind existing contracts and to substitute Royal Business Machines, Inc., as contractor, is void.